IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAUNCEY BENNETT, #259742      *
    Plaintiff,
        v.                              *       CIVIL ACTION NO. JKB-16-2871

WARDEN                          *
    Defendant.
                                 *****

MEMORANDUM

On August 15, 2016, the Clerk received letters from Chauncey Bennett, an inmate housed at the Eastern Correctional Institution ("ECI"). The letters seemingly complained that commencing in July 2016, Bennett had been deprived of adequate time in the prison law library. He claimed that he was removed from the "special exception list," and is only allowed 30 minutes per library visit twice per week if the library is open. Bennett stated that under the "special exception list" he was given 10 to 12 hours per week in the library. ECF No. 1.

Bennett's self-represented missives were generously construed as a 42 U.S.C. § 1983 complaint raising an access-to-courts claim. ECF No. 2. He was granted additional time to supplement his complaint so as to name proper defendants and to discuss the particular facts of his claims, how his constitutional rights were violated by each defendant, how he experienced an injury from those violations, and what relief he was seeking from the court. Further, he was directed to remit the civil filing fee or to move to proceed in forma pauperis. *Id*.

On September 12, 2015, Bennett filed a supplement to his complaint seeking punitive and compensatory damages and a motion for leave to proceed in forma pauperis. ECF Nos. 3 & 4. Leave to proceed in forma pauperis shall be granted. After review of Bennett's supplemental complaint, however, the court shall summarily dismiss the cause of action.

The supplemental complaint names the ECI warden, librarian, and a lieutenant, as well as an assistant commissioner. Bennett alleges that although he was allowed to check out a legal dictionary for three days in May, 2016, he was denied the ability to check it out again later that month and was taken off the special exception pass list.[1] ECF No. 3. He specifically alleges that he is not provided adequate time in the library; he is being deprived of a law school journal; he cannot obtain photocopies from the computer, but must print the information by hand; only old, manual typewriters are provided without correction tape; old Maryland Rule Books are provided; and there is no legal assistance to help him prepare cases. ECF No. 3, p. 5.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *see also Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). In 1996, the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only when the inmate is able to demonstrate actual injury from such deprivation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). According to the *Lewis* opinion, the Constitution does not guarantee inmates the ability to litigate every imaginable claim they can perceive, only that they be given the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

Bennett claims that he experienced an injury as "he lost" four federal cases filed in this court. ECF No. 3, 5. Review of those cases shows that two were dismissed in May of 2016 after full briefing by all parties. *See Bennett v. Green*, Civil Action No. JKB-15-3026 (D. Md.), and *Bennett v. Green*, Civil Action No. JKB-15-3030 (D. Md.). The remaining two cases, *Bennett v.*

---

[1] Bennett further alleges he was told that he could check out an older edition of the dictionary. ECF No. 3

*Green*, *et al.*, Civil Action No. JKB-15-3748 (D. Md.), and *Bennett v. Graham, et al.*, Civil Action No. JKB-15-3757 (D. Md.), were consolidated for all purposes and summarily dismissed for the failure to state a claim on December 15, 2015. The United States Court of Appeals for the Fourth Circuit affirmed the judgment.

The court concludes that Bennett has failed to set out a colorable access-to-courts claim. He has failed to show that his lack of success in his prior federal cases was an "actual injury" caused by his reduced visits to the ECI library or his limited access to legal resource materials, computers, or photocopy materials. Bennett's claims of reduced access to the library occurred after the dismissal of his federal cases. Indeed, he was able to brief the issues in his federal cases and to file relevant oppositions and pleadings. Given these circumstances, the court finds that Bennett has failed to state a First Amendment access-to-courts claim. A separate Order follows.

Date: October 5, 2016                              /s/
                                         James K. Bredar
                                         United States District Judge

3